### JOHN ATKINS, ET AL. *v.* WILLIAM BALLAUF.

It was stipulated in a contract, assigning a right to apply for a patent for an alleged invention, and for its exclusive enjoyment, in Great Britain, that, if within ninety days the assignee should produce, to the assignor, *satisfactory documentary evidence* that a patent for said invention had already been obtained, or applied for, in England, by any one having a right to do so, the agreement should be void. *Held:*

1. That *documentary evidence*, as here used, means, not merely evidence in writing, but that kind of written evidence which, of itself, proves the fact to be established, and justifies belief in its truth.

2. That, what will be regarded as *satisfactory*, will depend on the nature of the fact to be established, and the usages of mankind, or the established rules of law in reference thereto.

3. That the written certificates of private persons, in England, and solicitors of patents, stating that they had examined the model of the alleged invention, and compared it with the specifications of an English patent, alleged to have been issued, and that they are essentially alike, and that, therefore, the alleged invention was not the subject of a valid patent in Great Britain, are not *satisfactory documentary evidence* entitling the the assignee to a rescission of the contract.

GENERAL TERM.—Proceedings in error to reverse three several judgments, rendered, in several causes, in favor of the plaintiff below, by Gholson, J., at the special term of January, A. D. 1857.

The facts sufficiently appear in the decision.

·A. H. McGuffey and Mills & Hoadly, for plaintiffs in error.

Stallo & Andrews, for defendant in error.

SPENCER, J., delivered the opinion of the court.

These three cases all grew out of the same transaction, and depend upon the same state of facts, as follows: Joseph H. Laning, claiming to be the inventor of certain useful improvements in the manufacture of bottle corks, for which a patent right had not yet been obtained, but patentable in themselves, on the 20th July, 1855, assigned his right to apply for such patent, and to the sole enjoyment of such invention, anywhere out of the jurisdiction of the United States, to Mahlon M. Wombaugh. On the 12th December, 1855, Wombaugh assigned to Ballauf all his interest in said invention, with right to obtain patents therefor, with certain reservations not material to be stated. These assignments were made with covenants guaranteeing to the assignee protection in the right. conveyed. On the 21st day of December, 1855, Ballauf agreed to convey and transfer to John Atkins, the exclusive right to apply for a patent for said invention, and for its exclusive enjoyment, in Great Britain, in consideration of $2,100, to be paid as follows: $500 in ninety days, and the residue by the transfer of a certain bakery, and leasehold premises occupied by the same, belonging to J. & J. Atkins. It was stipulated in the contract that if, within ninety days from that time, Atkins should produce to Ballauf "satisfactory documentary evidence" that a patent for said invention had already been obtained, or applied for, in England, by any one having a right to do so, the agreement should be void, and Ballauf should pay Atkins the sum of $100 on the return of his

models. In pursuance of this contract, Ballauf conveyed to Atkins his interest in, and right to use, said invention, and apply for a patent therefore in Great Britain, and Atkins conveyed his bakery-fixtures, and leasehold interest in connection therewith, to Ballauf, and also executed a promissory note for the payment of $500 in ninety days from date. The note and conveyances were conditioned to become void if Atkins should, within the period of ninety days, produce satisfactory documentary evidence that a patent for said invention had been applied for, or obtained, in England, by any one having right thereto. Shortly after the execution of these papers, Atkins went to England, and called upon Richard A. Brooman, solicitor for patents, with a view to making application for a patent in England, and exhibited a model of Laning's invention. Brooman examined the same, and compared it with the specifications of a patent, bearing date July, 1855, granted to Anton Bruno Seithen, for an invention for the manufacture of corks, in England; and, being of opinion that the inventions were substantially the same, declined making an application for a patent, and instead thereof wrote a certificate, under his individual signature, setting forth substantially that he had examined the model of Laning's invention, and compared it with the specifications of Seithen's patent, and thereupon did certify that the essential features of the invention illustrated by the working model, so produced by the said Atkins, are contained in that patented by the said John & Anton Bruno Seithen, and therefore possessed no novelty of invention, and could not become the subject of a valid patent in Great Britain. This paper was in no wise authenticated, other than as it purported to be signed by " R. A. Brooman, editor of the Mechanics' Magazine." The certificate bears date 19th February, 1856. On the 4th of February, 1856, Atkins obtained a certificate, purporting to come from William Carpmael, substantially to the same effect. Both certificates are dated in London. With these certificates Atkins returned to the United States, and a day or two after the expiration of the term of ninety days, perhaps the second

day, exhibited them to Ballauf, as containing satisfactory documentary evidence that a patent for said invention had been obtained in England, and demanded a rescission of the contract and return of the money. Ballauf objected to receiving them as such, for what reason is perhaps the subject of controversy. Atkins says, without assigning in what particulars they failed of being satisfactory, and Ballauf says, because they were not such evidence as could avail him in a controversy with his assignor, Wombaugh. No further or other evidence was exhibited to Ballauf by Atkins, of said patent having been obtained, and not being satisfied with that adduced, Ballauf brought three actions against Atkins.

1. The first to recover the amount specified in the promissory note, viz: $500.

2. The second to recover possession of the leasehold premises.

3. The third to recover possession of the fixtures and appurtenances belonging to the bakery.

The only issue made, in each of these cases, was whether the certificates referred to were " satisfactory documentary evidence," under the contract referred to. Although testimony was heard on the trial on both sides: on the part of the plaintiff, to show that Seithen's patent did not interfere with Laning's invention; and on the part of the defendant to show that it did; as to whether it did, in fact, or not, there is no finding by the court. But the court did find, that the certificates referred to were not *per se* satisfactory documentary evidence, in compliance with the conditions of the contract, and so not sufficient of themselves to discharge Atkins from his obligations to Ballauf. To this finding of the court the defendants excepted, and claim that therein the court erred, and should have rendered judgment for defendants.

The only question presented for our decision, as the cases now stand, is, whether the court did err in pronouncing these certificates unsatisfactory documentary evidence. By documentary evidence, is to be understood not merely evidence in writing, but that kind of written evidence which, of itself, proves

25

the fact to be established, and justifies belief ·in its truth. When it will be regarded as satisfactory will depend upon the nature of the fact to be established and the usages of mankind, or the established rules of law with reference thereto. For example, conveyances of land are evidenced by deed; appointments to office by a commission under the seal of the State; transactions of courts by records; public grants by charter, by letters patent, or by act of assembly or parliament; marriages by certificates of officiating clergymen; transactions between merchants by books of account. In all these cases, if documentary evidence of the fact be required, it can only be answered by exhibiting the deed itself, the commission, the record, the letters patent, the marriage certificate, or the original book of entries, if within the control of the party; if not within his control, then by an authenticated copy, either from some public office, when the same is by law authorized to be recorded, or proven by some one who has compared it with the original. But in neither of these cases would a mere written statement by a third person, even though he had seen the original evidence, or had personal knowledge of the fact, be regarded as satisfactory documentary evidence of its existence, nor indeed documentary evidence at all.

Now, in the cases before us, the fact to be established was that letters patent had been granted, in England, for a certain invention for the cutting of corks, the specifications of which accompanied the patent. Whether these specifications covered the invention claimed by Laning, could only be determined by ascertaining what those specifications were. What Ballauf, and what the contract required, was documentary evidence of the existence of such a grant. Undoubtedly the best evidence of the grant would have been the letters patent themselves; or, as these could not be controlled, a certified copy from the proper officer having the custody of patents; or, in any event, a sworn copy, made by a private person. We will not say that, in the event of inability to procure either of these, documentary evidence less authentic might not be satisfactory; as published records of patents,

treated and relied upon as authentic in England, containing a description of the invention patented; or that documentary evidence might not be dispensed with altogether. But we do say that the certificates here produced not only showed that better evidence was accessible, and might have been furnished, but they did not even purport to contain a description of the patent granted in England, so that Ballauf could judge for himself whether it conflicted with Laning's invention or not. On the contrary, they only purported to be the opinions of private individuals, predicated upon a comparison of Laning's model with the specifiations of a patent said by them to have been granted in England, without any suggestion of their peculiar competency to judge; and such certificates might as well have been produced as satisfactory documentary evidence of the conveyance of a tract of land, or the proceedings of a court of justice, or the passage of an act of parliament, as the granting of these alleged conflicting letters patent. In a word, these certificates did not furnish evidence of the fact to be established. They contained no internal proof that the opinions thus expressed can be relied upon, and furnished no evidence of their own authenticity. We think, therefore, the judge at special term was right in holding them not to be satisfactory documentary evidence, within the meaning of the contract.

In the argument at bar, it was claimed on the part of the plaintiffs in error, that the evidence upon the trial showed that, in point of fact, a patent had been granted for this invention, in England, before the assignment, by Ballauf to Atkins, of the right to make an application for, and obtain a patent in England for Laning's invention, and therefore there was a total failure of consideration for the conveyances and promises on the part of Atkins. Without considering the legal question involved in this claim, it is enough now to say, that no such claim appears to have been made in the pleadings in these cases, and no exception taken to the finding of the court on this ground. The evidence upon the point itself was contradictory, and might have

justified a finding either way. Even if its weight had greatly preponderated in favor of the defendants below, we have no power to review the judgment of the court below upon findings of fact.

On the whole case, therefore, the judgments must be affirmed.

. Judgments affirmed.